IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
1:46 pm, Dec 19, 2023
**JEFFREY P. COLWELL, CLERK**

_____Rhonda D. Thibault-Lloyd_____, Plaintiff

v.

_____Spanish Peaks Regional Health Center,_____

**Jury Trial requested:**
(please check one)
✓ Yes ___ No

_____,

_____,

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Rhonda D. Thibault-Lloyd  606 26½ Road  Grand Junction, CO 81506
(Name and complete mailing address)

(970) 424-4478  +  rdthibault.pt12@gmail.com
(Telephone number and e-mail address)

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:  Spanish Peaks Regional Health Center, 23500 US-160, Walsenburg, CO 81089
(Name and complete mailing address)

(719) 738-5100
(Telephone number and e-mail address if known)

Defendant 2: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

C. **JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

✓ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

___ Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

___ Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

___ Other: (*please specify*) _____

## D.   STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>Religious Discrimination - Reasonable Accommodation and discharge.</u>

The conduct complained of in this claim involves the following: *(check all that apply)*

\_\_\_ failure to hire                             \_\_\_ different terms and conditions of employment

\_\_\_ failure to promote                    \_\_\_ failure to accommodate disability

✓ termination of employment     \_\_\_ retaliation

\_\_\_ other: *(please specify)* _____

Defendant's conduct was discriminatory because it was based on the following: *(check all that apply)*

\_\_\_ race              ✓ religion              \_\_\_ national origin              \_\_\_ age

\_\_\_ color           \_\_\_ sex                    \_\_\_ disability

Supporting facts:

## Allegations:

1. I, Rhonda D. Thibault-Lloyd, am a fifty-six year old female.

2. I, Rhonda D. Thibault-Lloyd, am a licensed Physical Therapist in the state of Colorado.

3. I, Rhonda D. Thibault-Lloyd, earned a: (1) Bachelor of Science degree in Outdoor Recreation and Leisure Services from Mesa State College, and (2) Master of Science degree in Physical Therapy from the University of Colorado Health Science Center.

4. I, Rhonda D. Thibault-Lloyd, accepted SPRHC offer of employment in May of 2017 with a start date of June 06, 2017 with the intent of spending the rest of my career with Spanish Peaks Regional Health Center.

5. Spanish Peaks Regional Health Center offer of employment included enrollment in short/long term disability, a retirement savings plan, a paid time off program, and other benefits including multiple insurance programs and flexible spending account programs.

6. I, Rhonda D. Thibault-Lloyd, loved my job and I successfully performed my employment duties and responsibilities with Spanish Peaks Regional Health Center and enjoyed being a member of the Wellness Committee and The Event Coordinator for the Parade of Lights.

7. Spanish Peaks Regional Health Center, vaccine mandate required employees to be fully vaccinated by the deadline and to provide proof of vaccination by October 1, 2021.

8. The Spanish Peaks Regional Health Center announcement also provided for exemption/ reasonable accommodation process and I was directed to see Mary Davis, HR Director, to acquire more information about the religious exemption process.

9. I, Rhonda D. Thibault-Lloyd, asked for reasonable accommodation/exemption to Spanish Peaks Regional Health Center COVID-19 vaccine mandate requirement based on my sincerely held religious beliefs.

10. I, Rhonda D. Thibault-Lloyd, was granted permission prior to being hired to attend daily mass allowing me to start my work shift 1 hour late 4 days a week to accommodate my request to go to daily mass.

11. Spanish Peaks Regional Health Center was very aware of my sincerely held Catholic beliefs. I would volunteer on Sunday to bring the Holy Eucharist to fellow parishioners. I would read the Sunday Bible readings and lead Rosary prayer. I would even volunteer time with the Activities Department to make sure residents in the Colorado State Veteran's Nursing Home could attend Special Sunday masses.

12. I, Rhonda D. Thibault-Lloyd, requested a religious accommodation that I felt would easily meet the legally required standard for granting a reasonable accommodation based on religion.

13. I, Rhonda D. Thibault-Lloyd was denied my request for a reasonable accommodation/ exemption to Spanish Peaks Regional Health Center COVID-19 vaccine mandate.

## Interactive Process:

(1) Spanish Peaks Regional Health Questionnaire:

14. I, Rhonda D. Thibault-Lloyd, participated in Spanish Peaks Regional Health Center interactive process and answered all questions; however, I found many questions from Spanish Peaks Regional Health Center discriminatory because they improperly invaded my religious faith,

beliefs, and practices and included unrelated topics to my right to request and receive a reasonable accommodation based on my religion.

15. Spanish Peaks Regional Health Center required that I, Rhonda D. Thibault-Lloyd, complete "Request for exemption/reasonable religious accommodation questionnaire.

16. I, Rhonda D. Thibault-Lloyd completed the Spanish Peaks Regional Health Center questionnaire per the required deadline and on September 08, 2021 my religious exemption was denied and I was encouraged to get fully Vaccinated by the October 1st "the final dose" deadline.

17. In a private 1:1 meeting with Mary Davis, HR Director, I was again asked to explain why I was unable to be vaccinated due to my dearly held religious beliefs, practices and/or observance? I simply stated, "It is against my conscience due to the vaccine was developed and/or tested using cells lines derived from aborted fetuses which is against my faith." I prayed frequently in front of the Blessed Sacrament seeking the answer. In the end it was always a strong no in my heart. She argued with me that it did not violate my conscience.

18. In response to the above I prepared a written statement to further explain my objection. In short, "The nature of my objection is at the core of the Church's teaching and my religious faith which forbids me from obeying this mandate. The nature of my objection is being forced to choose between my conscience towards God or keeping my job." Please see my attached to Whom it May Concern Letter provided to HR, Mary Davis, on 10/01/2023.

19. Title VII's legal requirement to provide a reasonable accommodation to religion, "Federal law protects each individual's right to one's sincerely held ethical or moral beliefs." The discussion of sincerely held religious beliefs, and an employer inquiries into the religious nature or sincerity of one's belief is really an inappropriate conversation from an employer to discuss with an employee with a strongly held religious conviction.

20. Mary Davis, continued to challenge my sincerely held religious beliefs and stated, "the COVID-19 vaccination did not violate my conscience." How does she know what my sincerely held conscious believes? I was once asked why I go to confession so frequently? I try to go to weekly confession and the precept or the rule of the Holy Catholic Church is one must go at least once a year if we have committed a mortal sin, but the Church urges us to make frequent use of the sacrament.

21. Based on the Law, an employee is only required to notify their employer of their sincerely held conflict, and then the employer is required to accommodate that employee unless that accommodation would create an undue hardship. "I believe I made very clear my sincerely held spiritual conflict against taking any of the currently developed COVID-19 vaccines."

22. I, Rhonda D. Thibault-Lloyd since the beginning of the pandemic, Spanish Peaks required mitigation measures to prevent infection and transmission of COVID-19. I complied with taking the daily screening questionnaire, forehead temperature readings before being allowed access into the building. I would then complete daily COVID-19 testing because I was not vaccinated. I was compliant with wearing the appropriate PPE, from the most to the least restrictive protective masks used against COVID-19 virus.

Note: I, Rhonda D. Thibault-Lloyd, MPT would wear my hospital issued N-95 mask which was only required to be worn when working upstairs with the most vulnerable residents/patients found in the extended care unit, the acute hospital and in the Veteran's Community Living Center. I was required to wear my least restrictive blue mask while working with the general public in the Outpatient Physical Therapy Department located downstairs. In addition,

while working directly in the acute hospital with the patients with active COVID-19 I was required to wear my respiratory protection, including a self-contained breathing apparatus (SCBA) which included wearing a helmet hood/face shield and a full body suit.

### Spanish Peaks Regional Health Center Terminates my employment as a Physical Therapist:

23. On October 01, 2021, Spanish Peak Regional Health Center terminated my employment.

24. Throughout the application and interactive process, my fellow colleagues, consistently communicated with me, discussing my need to take the vaccine some even yelling at me, "get the shot!" Many directing me to take the vaccine immediately. One employee even quoted Pope Francis calling it "an act of love."

25. I, Rhonda D. Thibault-Lloyd, felt overwhelmed by the pressure. The daily comments and directions from Mary Davis, HR and fellow colleagues. I was once denied immediate access into the building by a physician for not wearing my N-95 mask which was not required downstairs and he even physically body bumped me. This altercation caused me to be excessively late for work and to patient care.

26. I, Rhonda D. Thibault-Lloyd viewed these communications as undermining my right to request and receive the religious accommodation as a direct, foreseeable, and proximate result of Spanish Peak's Regional Health Center unlawful, intentional discrimination, I suffered compensatory damages and injuries, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

27. As a direct, foreseeable, and proximate result of Spanish Peaks Regional Health Center's unlawful, intentional discrimination, I, Rhonda D. Thibault-Lloyd, suffered economic damages and losses, including but not limited to lost earnings, and potential earnings, including an actual loss of wages, income, benefits, diminution of earning capacity, losses of actual retirement benefits, and future monetary losses.

28. Spanish Peaks Regional Health Center's unlawful employment practices were willful and/or done with malice or reckless indifference to my rights under the laws of the United States, to be free from religious discrimination and harassment in an employment setting.

### Claims for Relief First Claim

1. I, Rhonda D. Thibault-Lloyd, incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

2. I, Rhonda D. Thibault-Lloyd, assert this claim for unlawful religious discrimination in violation of Title VII, concerning Spanish Peaks Regional Health Center denial of my request for a religious accommodation and its subsequent termination of my employment.

3. Title VII prohibits employment discrimination based on religion. 42 U.S.C. 2000e-2(a)(1)(2).

4. Title VII's proscription on religious discrimination includes an employer's refusal to accommodate an employee's sincerely held religious belief or practices unless the accommodation would impose an undue hardship. 42 U.S.C. 2000 e(j).

5. Title VII broadly defines the word "religion." Religion is defined to include "all aspects of religious observance and practice, as well as belief unless an employer demonstrates that (it) is unable to reasonably accommodate" an employee's "religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. 2000 e(j).

6. Title VII's definition of religion is broad and protects beliefs, practices, and observances with which the employer may be unfamiliar.

7. An employer should ordinarily assume that an employee's request for religious accommodation is based on a sincerely held religious belief, practice,, or observance. EEOC Guidance: What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws. Technical assistance Questions and Answers-Updated on July 12, 2022.

8. An employer must give an individual's assertion that a belief is an essential part of the person's religious faith great weight.

9. An employee has the right to a reasonable workplace accommodation to the person's religious beliefs and practices if the employee demonstrates a bona fide religious belief that conflicts with an employment requirement. A "bona fide religious belief" is a belief that (1) is religious within the employee's own scheme of things; and (2) is sincerely held.

10. An employer's proper inquiry is whether each employee held bona fide religious beliefs that are (1) within their own scheme of things and (2) sincerely held. The proper inquiry is not whether each employee's religious beliefs are reasonable, well-known, make sense, or even odd.

11. The law does not require each employee's religious beliefs to receive Spanish Peak Regional Health Center approval in considering their accommodation requests.

12. If an individual's beliefs are religiously based, it is not for Spanish Peaks Regional Health Center to ask if those beliefs are derived from revelation, study, upbringing, gradual evolution, or some source that seems entirely incomprehensible.

13. Employers many not engage in an extensive inquiry into an employee's religious beliefs to determine whether religion mandates the employee's adherence.

14. The analysis of the requested accommodation and an employer's asserted undue burden must be determined case-by-case, considering the factual context of each case.

15. I, Rhonda D. Thibault-Lloyd, was performing my job duties satisfactorily per annual evaluations.

16. I, Rhonda D. Thibault-Lloyd, held bona fide, sincerely held religious beliefs that conflicted with Spanish Peak Regional Health Center job requirement that I take the COVID-19 vaccine.

17. I, Rhonda D. Thibault-Lloyd, informed Spanish Peaks Regional Health Center of my bona fide, sincerely held religious beliefs.

18. I, Rhonda D. Thibault-Lloyd, informed Spanish Peaks Regional Health Center of the conflict between my bona fide, sincerely held religious beliefs and Spanish Peaks Regional Health Centers requirement that I take the COVID-19 vaccine.

19. I, Rhonda D. Thibault-Lloyd, asked Spanish Peaks Regional Health Center to grant me a reasonable accommodation, based on religion, to the COVID-19 Vaccine mandate.

20. I, Rhonda D. Thibault-Lloyd, requested accommodation would not have changed or modified my duties and responsibilities from the duties and responsibilities I had with Spanish Peaks Regional Health Center before I asked for the accommodation.

21. I, Rhonda D. Thibault-Lloyd, was working successfully as a front-line Healthcare provider from 03/13/2020 until my termination on 10/01/2023 and never once did I test positive for COVID-19 during this time period.

22. Spanish Peaks Regional Health Center denied my request for reasonable accommodation to the COVID-19 vaccine mandate.

23. At all times, Spanish Peaks Regional Health Center, could have accommodated my sincerely held religious beliefs without undue hardship.

24. Spanish Peaks Regional Health Center terminated my employment for not taking the COVID-19 vaccine, a job requirement.

25. I, Rhonda D. Thibault-Lloyd, did not get the COVID-19 vaccine because to do so would violate my sincerely held religious beliefs.

26. Spanish Peaks Regional Health Center did not offer me any alternative to taking the vaccine to address the COVID-19 vaccine, including but not limited to wearing appropriate PPE as discussed previously, wearing a mask, self monitoring for signs and symptoms, voluntary reporting of potential symptoms, and reasonable testing requirements and scanning for temperature at the worksite all an integral part of the culture prior to the mandatory vaccination.

27. Spanish Peaks Regional Health Center treatment of me was unlawful religious discrimination in violation of Title VII and an intentional, unlawful discriminatory practice in violation of 42 U.S.C 1981a.

28. Spanish Peaks Regional Health Center unlawfully and intentionally discriminated against me, based on religion by:

(1) Denying my request for a reasonable accommodation, based on my sincerely held religious beliefs, to the Spanish Peaks Regional Health Center COVID-19 vaccine mandate.

(2) Terminating my employment because I requested a religious accommodation to the COVID-19 vaccine mandate.

(3) Terminating my employment because I did not take the COVID-19 vaccine.

(4) Denying my request for a religious accommodation without showing how Spanish Peaks Regional Health Center would suffer an undue burden by granting me the requested accommodation.

(5) Denying my request for a religious accommodation by conducting a discriminatory and improperly invasive interactive process, which included a discriminatory and improper inquiry into my bona fide religious beliefs without Spanish Peaks Regional Health Center having any facts to provide an objective basis for questioning either the religious nature or the sincerity of my beliefs, practices, or observance, to justify, Spanish Peaks Regional Health Center, requesting additional supporting information.

(6) Subjecting me to a process where Spanish Peaks Regional Health Center effectively judged the acceptability of my religious belief by asking invasive questions relating to the legitimacy, depth, and scope of my religious beliefs and questions unrelated to my request for the religious accommodation.

(7) Conducting a discriminatory and futile process for me to apply for the accommodation, engage in the interactive process, and receive a fair and favorable decision on my request for the religious accommodation because Spanish Peaks Regional Health Center conducted a closed, de facto process of denying all requests for a religious accommodation based on religion.

## Second Claim

### (Religious Discrimination – Disparate Treatment – Terms and Conditions)

29. I, Rhonda D. Thibault-Lloyd, incorporate and restate all allegations previously asserted as though incorporated.

30. Title VII prohibits employers from discriminating against employees based on religion.

Page 6 of 9

31. Under Title VII, employers are prohibited from (1) discharging any individual, or otherwise discriminating against any individual regarding the employee's compensation, terms, conditions, or privileges of employment, because of the individual's religion or (2) limiting segregating, or classifying an employee in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect the person's status as an employee, because of the person's religion. 42 U.S.C. 2000e2(a)(1)(2).

32. I, Rhonda D. Thibault-Lloyd, was qualified for my position, and I successfully performed my duties for over 4 years with the company.

33. I, Rhonda D. Thibault-Lloyd belong to a Title VII protected class based on religion because I asserted my sincerely held religious beliefs and requested a religious accommodation.

34. I, Rhonda D. Thibault-Lloyd informed Spanish Peaks Regional Health Center of my sincerely held religious beliefs.

35. Spanish Peaks Regional Health Center was aware of my sincerely held religious beliefs and my Title VII-protected status based on my religion.

36. Spanish Peaks Regional Health Center terminated my employment because of my religion. Spanish Peaks Regional Health Center intentionally discriminated against me by terminating my employment because of my religion.

37. The effect of the practices complained of above paragraph has been to deprive me of equal employment opportunities and otherwise adversely affect my status as an employee because of my religion.

38. Spanish Peaks Regional Health Center's actions occurred under circumstances giving rise to an inference of discrimination.

39. Upon information and belief, Spanish Peaks Regional Health Center, conducted a de facto, discriminatory sham process for applying for a reasonable accommodation based on religion to the COVID-19 vaccine mandate, meaning Spanish Peaks Regional Health Center did not grant any employee's request for a religious accommodation to the vaccine mandate.

40. Upon information and belief, Spanish Peaks Regional Health Center, subjected me to a discriminatory and futile process because Spanish Peaks Regional Health Center granted no employee a religious accommodation based on religion.

41. I, Rhonda D. Thibault-Lloyd, do not know of any person or instance where Spanish Peaks Regional Health Center granted an employee a religious accommodation to the Spanish Peaks Regional Health Center vaccine mandate.

42. Spanish Peaks Regional Health Center did not give me any information regarding it ever granting any Spanish Peaks Regional Health Center employee a reasonable accommodation based on religion to the COVID-19 vaccine.

43. Spanish Peaks Regional Health Center conducted a discriminatory and improperly invasive process for evaluating my request for religious accommodation and made a discriminatory decision to deny my accommodation and terminate my employment.

44. Spanish Peaks Regional Health Center process was discriminatory because it repeatedly asked me virtually the same questions in the weekly meetings, the Questionnaire, follow-up questions, and in interviews, which I viewed as improperly invasive, intimidating, and discriminatory because the questions improperly probed into my religious faith, practices, and beliefs and were unrelated to my accommodation request. Mary Davis, HR, stated, "It does not violate your conscience."

45. Spanish Peaks Regional Health Center process was discriminatory because it repeatedly asked me questions about my medical history unrelated to my request for religious accommodation.

46. Spanish Peaks Regional Health Center process and decision were discriminatory because it did not have an objective basis to subject me to the discriminatory and improperly invasive process for evaluation my request for a religious accommodation and made a discriminatory decision to deny my accommodation and terminate my employment.

47. Spanish Peaks Regional Health Center process and decision were discriminatory because the law requires the evaluation of an accommodation be conducted on a case-by-case basis, and Spanish Peaks Regional Health Center did not give my application the required analysis.

48. Upon information and belief, for all employees requesting a religious accommodation, Spanish Peaks Regional Health Center asked the same questions and subjected employees to the same process.

49. To the extent Spanish Peaks Regional Health Center has any justification for terminating my employment, the justification are unworthy of credence and belief, and Spanish Peaks Regional Health Center did not act for any asserted non-discriminatory reasons.

50. Considered in its totality and cumulative manner, Spanish Peaks Regional Health Center treatment of me was unlawful religious discrimination prohibited by Title VII.

51. Spanish Peaks Regional Health Center treatment of me is unlawful religious retaliation and discrimination in violation of Title VII and an intentional, unlawful discriminatory practice in violation of 42 U.S.C. 1981a.

Page 8 of 9

To Whom It May Concern,

I am a baptized Catholic seeking an exemption from an immunization requirement. This letter explains how the Catholic Church's teachings may lead individual Catholics, including me, Rhonda D. Thibault-Lloyd, MPT to decline certain vaccines.

The Roman Catholic Church teaches that a person may be required to refuse a medical intervention, including a vaccination, if my informed conscience comes to this sure judgment. While the Catholic Church does not prohibit the use of any vaccine, and generally encourages the use of safe and effective vaccines as a way of safeguarding personal and public health, the following authoritative Church teachings demonstrate the principled religious basis on which a Catholic may determine that he or she …There is a general moral duty to refuse the use of medical product, including certain vaccines, that are produced using human cells lines derived from direct abortions. It is permissible to use such vaccines only under certain case-specific conditions, based on a judgement of conscience.

A person's informed judgments about the proportionality of medical interventions are to be respected unless they contradict authoritative Catholic moral teachings.

A person is morally required to obey his or her sure conscience.

A Catholic may judge it wrong to receive certain vaccines for a variety of reasons consistent with the teachings, and there is no authoritative Church teaching universally obliging Catholics to teachings concerning therapeutic proportionality. Therapeutic proportionality is an assessment of whether the benefits of a medical intervention outweigh the undesirable side-effects and burdens in light of the integral good of the person, including spiritual, psychological, and bodily goods. It can also extend to the good of others and the common good, which likewise entail spiritual and moral dimensions and are not reducible to the public health. The judgment of therapeutic proportionality must be made by the person who is the potential recipient of the intervention in the concrete circumstances, not by public health authorities or by other individuals who might judge differently in their own situations.

At the core of the Church's teaching are the first and last points listed above: vaccination is not a universal. In all he says and does, man is obliged to follow faithfully what he knows to be just and right. It is by the judgment of his conscience that man perceives and recognizes the prescriptions of the divine law:
"Conscience is a law of the mind; yet Christians would not grant that it is nothing more; Conscience is a messenger of him, who, both in nature and in grace, speaks to us behind a veil, and teaches and rules us by his representatives. Conscience is the aboriginal Vicar of Christ."

Therefore, if a Catholic comes to an informed and sure judgment in conscience that he or she should no receive a vaccine, then the Catholic Church requires that the person follow

this certain judgment of conscience and refuse the vaccine. The Catechism is clear: "Man has the right to act in.

Sincerely in Christ,
Rhonda D. Thibault-Lloyd, MPT

### E. ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

✓ Yes (*You must attach a copy of the administrative charge to this complaint*)

___ No

Have you received a notice of right to sue? (*check one*)

✓ Yes (*You must attach a copy of the notice of right to sue to this complaint*)

___ No

### F. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

Please see attached 1 copy.
"Request for Relief"

### G. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Rhonda D. Thibault-Royal*
(Plaintiff's signature)

12/19/2023
(Date)

(Revised February 2022)

4

## Request for Relief

WHEREFORE, I, Plaintiff, Rhonda D. Thibault-Lloyd, respectfully requests this Court to enter judgment in my favor and against Spanish Peaks Regional Health Center on all claims asserted in this compliant and Request for Jury Trial and award the following relief.

1.	To enter a judgment on my behalf, finding the acts of Spanish Peaks Regional Health Center are continuing and intentional religious discrimination in violation of Title VII.

2.	To award on my behalf the remedies of damages for back pay, restored benefits, actual monetary damages, loss of wages, retirement contributions, all loss of income, and all loss of monetary damages to which I feel I am entitled under Title VII.

3.	To award on my behalf compensatory damages for emotional pain, suffering, inconvenience, mental anguish/distress, loss of enjoyment of life, future monetary losses, and all loss of compensatory damages to which I am entitled under Title VII.

4.	Toward on my behalf punitive damages to which I feel entitled under Title VII.

5.	To award on my behalf reinstatement or front pay, under Title VII.

6.	To award on my behalf attorney fees and costs under title VII and all laws to which I feel I am entitled to receive attorney fees and costs.

7.	To award on my behalf pre-judgment and post-judgment interest at the proper rate given by law.

8.	To award on my behalf all other legal and equitable relief to which I, Rhonda D. Thibault-Lloyd, am entitled under any law that this Court considers just, equitable, and proper.

## Jury Trial Request

1.	Under Fed.R.Civ.P.38 (a)(b)(c), 42 U.S.C. 2000e-5, and 42 U.S.C. 1981 a,(c)(1), and all applicable laws providing for a right to trial by jury, Plantiff, Rhonda D. Thibault-Lloyd, requests a jury trial of all claims and issues.

Dated December 19, 2023.

Respectfully submitted,
*Rhonda D. Thibault-Lloyd MPT*
Rhonda D. Thibault-Lloyd, MPT
606 26 ½ Road
Grand Junction, CO 81506